1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

        Plaintiff,

  v.

NICANDRO E. BARRITA;
BARRITA CORPORATION, a California
Corporation; and DOES 1–10,

        Defendants.

——————————————————————/

No. C 18–06205 WHA

**ORDER (1) CONVERTING
MOTION TO DISMISS INTO
MOTION FOR SUMMARY
JUDGMENT, (2) ALLOWING
IMMEDIATE DISCOVERY,
AND (3) VACATING HEARING**

## INTRODUCTION

In this action under the Americans with Disabilities Act and California's Unruh Civil Rights Act, defendants move to dismiss plaintiff's ADA claim as moot and oppose supplemental jurisdiction over plaintiff's state law claim. For the following reasons, this order converts the motion to dismiss into a motion for summary judgment and allows immediate discovery. The March 14 hearing is accordingly VACATED.

## STATEMENT

Plaintiff Scott Johnson, who is allegedly quadriplegic, uses a wheelchair for mobility and has a specially-equipped van that he drives. On several occasions in 2017 and 2018, plaintiff visited La Victoria Taqueria in San Jose, where he encountered various accessibility barriers in connection with the restaurant's parking spaces, entrance door, restrooms, and outdoor dining tables.

Plaintiff initiated this action in October 2018, asserting violations of the Americans with Disabilities Act and California's Unruh Civil Rights Act. Within four weeks of service on defendant Barrita Corporation, defendants allegedly corrected all ADA violations. Defendants then hired a Certified Access Specialist (CASp), licensed by the State of California, who inspected the premises and confirmed that each violation had been corrected. Defendants sent a copy of the CASp certification report to plaintiff and now move to dismiss the ADA claim as moot because the violations have been remedied. Defendants also oppose supplemental jurisdiction over plaintiff's remaining state law claim (Dkt. Nos. 20–22). This order follows full briefing.

## ANALYSIS

Because a private plaintiff can sue only for injunctive relief under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

When a California-licensed certified access specialist inspects sites for compliance with applicable state and federal accessibility standards, and that specialist provides a written CASp report stating that the site meets those accessibility standards, then that report is deemed to certify that a site meets the ADA's accessibility standards. Cal. Civ. Code § 55.53. The State of California accepts that the CASp report certifies there is no further disputed factual matter. Here, defendants argue they have remedied each of the ADA violations alleged by plaintiff in this action, certified by a CASp report (Dkt. No. 22 ¶¶ 6–8).

Plaintiff cites *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000), to argue that an action becomes moot only "if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." In that environmental pollution case, the Supreme Court ruled that there was disputed factual matter regarding continued discharge of pollutants and thus the claims were not moot. There, the defendant's voluntary cessation of allegedly unlawful conduct did not suffice to moot a case. *Ibid*.

Plaintiff worries that uncertainties, such as the future fading of paint that signifies an accessible parking spot, make any current certification short-lived and therefore creates the same impossibility for mootness as in *Friends*. Plaintiff argues that "merely fixing a problem after being sued does not render the claims moot" (Opp. 24 at 12–13). Plaintiff is correct that the Supreme Court has held that the "voluntary cessation" doctrine creates a stringent test for mootness, where a court may retain oversight until there is certainty that a defendant does not "return to his old ways." *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953). The *Friends* court, however, cited *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982), and explained that "although the defendant's voluntary cessation of the challenged practice does not moot the case, 'such abandonment [of illegal behavior] is an important factor bearing on the question whether a court should exercise its power to enjoin the defendant from renewing the practice.'" Violations of the ADA may lead in two directions, either (1) an injunction forcing a defendant to remedy any violations, or (2) a voluntary remedy by defendant of any violations. The goal is to remedy violations so that all citizens have equal access to public accommodations.

Given the importance of the factual dispute regarding the allegedly remedied violations, and because "matters outside the pleadings are presented to and not excluded by the court," the motion to dismiss must be treated as one for summary judgment under Rule 12(d). In turn, under Rule 56(d), which authorizes a court to allow time for discovery during a motion for summary judgment when facts are unavailable to the nonmovant, parties must be given reasonable opportunity to present all material pertinent to the motion. Immediate discovery into these issues is accordingly now allowed. Following discovery, defendants may file a supplement to the instant motion by NOON ON APRIL 11. Plaintiff may file a response by APRIL 25 AT NOON. A hearing on the motion for summary judgment is set for MAY 9 AT 8 A.M. This order accordingly need not reach defendants' opposition to supplemental jurisdiction over plaintiff's Unruh Act claim.

**CONCLUSION**

As to plaintiff's ADA claim, this Rule 12 motion to dismiss will be treated as a Rule 56 motion for summary judgment. Immediate discovery into these issues is now allowed. Following discovery, defendants may file a supplement to the motion by **APRIL 11 AT NOON.** Plaintiff may file a response by **APRIL 25 AT NOON**. A hearing on the motion for summary judgment is set for **MAY 9 AT 8 A.M**.

**IT IS SO ORDERED.**

Dated: February 26, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE